47051. VIRDEN v. THE STATE.
(380 SE2d 705)

GREGORY, Justice.

Harvey Virden appeals his conviction in the Lamar County Superior Court for malice murder and escape. He was sentenced to life on the murder count and to twelve months on the escape count. On appeal, the only enumeration of error defendant raises is that the evidence does not support the verdict of guilty of malice murder.[1] The record in this case would support the jury's finding of the following facts:

Defendant and the victim, Bobbie Jean Crawley, had lived to-

---

[1] The victim was killed on March 18, 1988. Virden was indicted on June 6, 1988. On September 28, 1988, the jury returned its verdict of guilty, and the defendant was sentenced. The order denying Virden's motion for new trial was filed March 27, 1989, and he filed his notice of appeal on April 6, 1989. The case was docketed in this Court on May 12, 1989. The case was submitted for decision on June 22, 1989.

gether for approximately eight years. Three weeks prior to the shooting, however, the victim asked defendant to move out and to take all of his belongings with him. Defendant moved out but refused to comply with the request to remove his belongings and even returned several times to the victim's residence. In the week prior to the victim's death, defendant and the victim argued several times with defendant continuing to refuse to remove his belongings from the residence.

On the day of the shooting, defendant drove to the victim's residence in order to retrieve $1,400 in cash he claimed to have left there. The money was not in the house, and the two began to argue. Defendant then returned to his car and retrieved his loaded shotgun. According to defendant's own testimony, he and the victim began to argue and "to tussle." The victim was struck in the face with a blunt instrument, possibly a fist. Expert testimony revealed that the gun was three to six feet away when it discharged and that it could not fire unless the hammer was pulled back. Furthermore, the shot was fired at the victim's chest while defendant was standing and the victim was sitting.

A short time after the shooting, several witnesses saw defendant leave the residence in a casual manner and slowly drive off. According to defendant, he drove to Atlanta where he calmly had lunch and visited with family members. At no time did he call for help for the victim or tell anyone of the shooting. Furthermore, his gun was loaded with a slug rather than the less lethal birdshot he had in his possession.

In light of the foregoing facts, we hold that a rational trier of fact could have found defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 13, 1989.

*Martin & Martin, Harold E. Martin,* for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.